E-FILED; Montgomery Circuit Court
Docket: 3/16/2026 12:47 PM; Submission: 3/16/2026 12:47 PM
Envelope: 25561966

**IN THE CIRCUIT COURT OF MARYLAND**
**FOR MONTGOMERY COUNTY**

| | | |
|---|---|---|
| **ROBERT WILLIAMS,** | * | |
| *on his own behalf and on behalf of all others similarly situated* | * | **Case No: C-15-CV-25-004453** |
| ***Plaintiff*** | * | |
| **v.** | * | **Hon. Bibi M. Berry**<br>**CV Calendar Judge 3** |
| **METROPOLIS TECHNOLOGIES, INC.** | * | **Civil Track 4** |
| ***Defendant*** | * | |

* * * * * * * * * * * *

**AMENDED CLASS ACTION COMPLAINT**
**<u>AND DEMAND FOR JURY TRIAL</u>**

Plaintiff Robert Williams ("Williams"), individually and on behalf of all others similarly situated, sues Defendant Metropolis Technologies, Inc. ("Defendant" or "Metropolis") and alleges as follows:

1. This case concerns the operation of an automated system created by the Defendant that is used to collect alleged consumer debts arising from parking transactions in Maryland.
2. Defendant Metropolis developed, sells or gives to another, and/or uses and operates a collection system that uses license-plate recognition technology to identify vehicles entering and exiting parking facilities and that uses a series or system of forms or letters tied to the license-plate recognition technology.
3. Metropolis' collection system records visits and determines whether payment has been made for a parking session.
4. If the collection system determines payment has not been made, the system generates communications demanding payment from the vehicle owner.

5. The communications include automated text messages, electronic payment links and letters that are produced by Metropolis' collection system.
6. Among other things, the communications instruct consumers to pay alleged parking charges to avoid "enforcement" consequences, and/or the communications indicate directly or indirectly that a person other than the owner is asserting the consumer claim.
7. The alleged parking charges belong, if at all, to the owners of the parking facilities where the parking occurred.
8. Metropolis does not own those facilities and does not own the alleged parking fee claims for which it collects or seeks to collect through its system.
9. Metropolis is not a party to agreements between facility owners and parking collection operators.
10. Instead, Metropolis developed, sells, or gives its collection system to such owners and/or parking collection operators, and/or Metropolis uses and operates the collection system to collect or attempt to collect parking fees on behalf of parking collection operators and facility owners.
11. Metropolis also employs other businesses, including its affiliates, to solicit or sell its collection system for collection of consumer claims.
12. Metropolis' primary business is the development, sale, use, and/or operation of a collection system for collecting alleged parking charges owed to parking collection operators and/or facility owners .
13. The Maryland Collection Agency Licensing Act ("MCALA"), Md. Code Ann., Bus. Reg. §7-101 et seq., regulates persons engaged in the business of collecting consumer claims.
14. MCALA also regulates persons who provide systems used to collect consumer claims.

15. Despite being required to be licensed as a “collection agency” under MCALA, Metropolis does not have a Maryland collection agency license.

16. In addition, communications sent by Defendant’s collection system violate the Maryland Consumer Debt Collection Act (“MCDCA”) by giving the appearance of being authorized, issued, or approved by a government or governmental agency.

## PARTIES

13. Plaintiff Robert Williams is a resident of Maryland.

14. Plaintiff parked at a parking facility in Annapolis, Maryland.

15. Plaintiff later received a text message from Metropolis seeking payment of an alleged parking charge.

16. Defendant Metropolis Technologies, Inc. is a Delaware Corporation that regularly conducts business in Maryland.

17. Defendant Metropolis is not registered with Maryland SDAT as a foreign corporation or at all.

18. Metropolis is a sophisticated entity that has in house attorneys that monitor its operations.

## JURISDICTION AND VENUE

19. This Court has jurisdiction to declare the direct or indirect efforts of an unlicensed collection agency to be unenforceable and to enter monetary damages as stated in *Finch v. LVNV Funding, Inc.*, 463 Md. 586 (2019).

20. This Court has jurisdiction over the claims asserted herein and over Defendant pursuant to Md. Code Ann., Cts. & Jud. Proc. Art. §§ 1-501 and 6-103.

21. Declaratory and injunctive relief sought is available pursuant to Md. Code Ann. Courts & Jud. Pro. §§ 3-401 - 3-415, and Maryland Rule 2-231(c)(2).
22. A class for damages may also be maintained under Maryland Rule 2-231(c)(3).
23. Venue is proper pursuant to Md. Code, Cts. & Jud. Proc. Art. § 6-201 in that the Defendant transacts business in Montgomery County as a collection agency.

**ADDITIONAL FACTUAL ALLEGATIONS**

24. Parking facilities in Maryland are owned by municipalities or private property owners.
25. Parking charges owed by consumers belong to those owners.
26. Metropolis does not own any parking facilities in Maryland.
27. Parking collection operators collect parking charges on behalf of the facility owners.
28. Metropolis is not a party to the parking agreements between Maryland facility owners and parking facility operators.
29. At all relevant times, the parking facility that Plaintiff used has been owned by the City of Annapolis, which has had a management agreement with at least one entity (not Metropolis) to manage/operate the parking facility.
30. Metropolis develops, provides, sells, uses, and/or operates a parking fee collection system used to identify alleged unpaid parking charges and generate payment demands.
31. Metropolis also gives, sells or attempts to give or sell to another or uses, for a collection of a consumer claim, a series or systems of forms or letters that a person other than the owner uses to assert a consumer claim.
32. Metropolis collects parking fares on behalf of the owners of the parking facilities. Metropolis represents to individuals using a parking facility that it is “a Metropolis parking facility”.

33. Communications generated by Metropolis' system indicate that a person other than the owner, i.e., Metropolis, is seeking payment and/or give the appearance of being authorized, issued, or approved by a government or governmental agency.

34. Metropolis also employs other businesses, including its affiliates, to solicit or sell its collection system for collection of consumer claims.

35. The Metropolis system records vehicle entry and exit through license-plate recognition cameras.

36. The Metropolis system records the duration of each parking visit.

37. When payment is not recorded the system generates communications seeking payment.

38. These communications, including text messages and letters, are issued automatically through software processes in Metropolis' collection system..

39. The text messages only reference Metropolis.

40. Plaintiff received such communications.

41. The text message received from Metropolis by Williams after parking at a facility using Metropolis' collection system stated: "Metropolis: Don't forget: Pay for your recent visit to avoid enforcement."

42. The message included a link directing Plaintiff to a Metropolis payment portal.

43. The message identifies Metropolis as the party seeking payment rather than the owner.



44. The message instructs the consumer to pay "to avoid enforcement," implying consequences by a government authority if payment is not made.

45. The text message gives the appearance of being authorized, issued, or approved by a government or governmental agency.

46. Such communications are designed to induce payment of alleged parking charges.

47. Parking transactions involve consumers obtaining parking services for personal, family or household purposes.

48. Any alleged obligation arising from such transactions constitutes a consumer claim within MCALA.

49. Metropolis' own on-site materials describe the service as a private pay-by-plate parking system.

## MCALA, MCDCA, and MCPA Claims Based on Failure to be Licensed as a Collection Agency

37. Defendant Metropolis meets the definition of a "collection agency" under MCALA.

38. MCALA defines a collection agency to include persons who directly or indirectly engage in the business of collecting consumer claims for another in Maryland.

39. MCALA also defines a collection agency to include persons who provide, sell, or use a system of forms or letters for collection of consumer claims when the forms or letters directly or indirectly indicate a person other than the owner is asserting the consumer claim.

40. MCALA also defines collection agency to include persons who employ another business to solicit or sell a collection system used to collect consumer claims.

41. Metropolis qualifies as a "collection agency" under each of these provisions. Md. Bus. Reg. §7-101(c)(1)(i), (c)(3) and/or (c)(4).
42. Metropolis is required to have a Maryland collection agency license.
43. At all relevant times, Metropolis has not possessed a Maryland collection agency license.
44. Metropolis knows that its debt collection activities require a collection agency license or acts with reckless disregard or a willful refusal to know of the licensing requirements.
45. Defendant Metropolis seeks to collect consumer debts and meets the definition of a "collector" under the MCDCA, Md. Comm. Law Art. §14-201(a).
46. A violation of MCALA is a violation of the MCDCA.
47. A violation of the MCDCA is a per se violation of the Maryland Consumer Protection Act ("MCPA").

**MCDCA and MCPA Claims Based on**
**Simulation Of Government Authority**

43. The communications generated through the Metropolis system invoke enforcement terminology commonly associated with official parking citations.
44. The communications instruct consumers to pay alleged charges "to avoid enforcement."
45. Such language gives the appearance of being authorized, issued, or approved by a government or governmental agency.
46. The communications therefore constitute additional and independent violations of the MCDCA and MCPA.

**Class Allegations**

47. The Class is defined as:

> All individuals who are or were a consumer with an address in the State of Maryland that Metropolis Technologies, Inc. sought to directly or indirectly collect from in the three years preceding the filing of the Complaint in this action until certification.

48. The following people are excluded from the class:

   a. Employees or independent contractors of the Defendant;
   b. Relatives of employees and independent contractors of the Defendant;
   c. Employees of the Court where this action is pending;
   d. Counsel for the parties and their employees.

49. There is a subclass consisting of members of the class who seek all of the damages allowed under Md. Code Ann. Comm. Law §14-203.

50. The Subclass seeks a determination of Metropolis' liability under the MCDCA and asks the court to determine a process for determination of individual damages.

51. The Members of the Class and Subclass are ascertainable. The Class Members are readily identifiable from the information and records in the possession or control of the Defendant or its affiliated entities and agents.

52. The Members of the Class are sufficiently numerous that individual joinder of all members is impractical: upon information and belief, Metropolis has sold its system and used it for numerous parking lots and garages involving hundreds if not thousands of individual consumers that are Class Members in the three years preceding this action.

53. There are questions of law and fact common to the Class Members which predominate over any questions affecting only individual members and, in fact, the wrongs alleged against Metropolis by the Class Members and the remedies sought by Plaintiff and the Class Members against Metropolis are identical, the only difference being the exact

monetary sum which each Class Member is entitled to receive from Metropolis. The common issues of Fact and Law include but are not limited to:

a. Whether Metropolis acted as a collection agency in the State of Maryland;

b. Whether Metropolis was licensed to act as a collection agency in Maryland;

c. Whether this Court may grant declaratory and injunctive relief;

d. Whether Metropolis threatened or took actions that it had no right to take under state law;

e. Whether Metropolis sought amounts not legally due from Class Members;

f. Whether Metropolis is liable for damages based on collections

g. Whether Metropolis is liable to the members of the subclass for the damages allowed under §14-203.

54. Plaintiff is a Class Member. Plaintiff's legal and equitable claims are typical and the same or identical for each Class and Subclass Member he represents and will be based on the same legal and factual theories.

55. Metropolis' defenses would be typical and the same or identical for each Class and Subclass Member and will be based on the same legal and factual theories.

56. Named Plaintiff will fairly and adequately protect the interests of all Class and Subclass Members who he represents in the prosecution of this action. Named Plaintiff is similarly situated with, and have suffered similar injuries as, the Class and Subclass Members that Named Plaintiff seeks to represent. Named Plaintiff feels that he has been wronged, wishes to obtain redress of the wrong, and wants Defendant to be stopped from enriching itself from illegal activities or otherwise perpetrating similar wrongs on others.

57. To that end, the Named Plaintiff has retained counsel experienced in handling class action suits involving unfair or deceptive business practices that harm consumers.

58. Certification of the Class under Rule 2-231(c)(2) is appropriate because Defendant, by acting as a collection agency without a license, has acted on grounds generally applicable to the class, making appropriate final injunctive relief or corresponding declaratory relief with respect to the class and subclass as a whole.

59. Certification of the Class and Subclass under (c)(3) is appropriate as to the Class and Subclass Members in that common questions predominate over any individual questions and a class action is superior for the fair and efficient adjudication of this controversy. A class action will cause an orderly and expeditious administration of the Class and Subclass Members' claims, and economies of time, effort and expenses will be fostered and uniformity of decisions will be ensured. Plaintiff is not aware of any suits by the Class or Subclass Members against Metropolis in Maryland Courts.

60. The only individual questions concern the identification of Class Members and who are entitled to any funds that Metropolis is ordered to disgorge as the fruit of its unlawful activities or share in any legal or restitution damages permitted by law. This information can be determined by a ministerial examination of the Defendant's business records which are admissible as an exception to the hearsay rule and as a statement by a party.

61. The Plaintiff Class Members have suffered damages, losses, and harm similar to those sustained by the Plaintiff and described above.

62. The Plaintiff Subclass Members seek the damages allowed under MCDCA §14-203, MCPA § 13-408, and/or Gen. Prov. § 1-107.1.

63. The amount in controversy for each of the counts listed below is in excess of $75,000, and is subject to further discovery as to the size of the class.

**COUNT I**
**Violations of Maryland Consumer Debt Collection Act**
**And Maryland Consumer Protection Act**

64. Plaintiff incorporates the preceding paragraphs.

65. The Maryland Consumer Debt Collection Act prohibits collecting consumer debts in violation of MCALA.

66. By engaging in unlicensed debt collection activity in violation of MCALA, Metropolis violates MCDCA, §14-202(10).

67. By engaging in collections without a required MCALA license, Metropolis violates MCDCA, §14-202(8) by claiming, attempting or threatening to enforce a right with knowledge that the right does not exist against Williams and others.

68. By engaging in collections without a required MCALA license, Metropolis violates MCDCA, §14-202(11) by making a threat to take action that it cannot be legally taken or that is not intended to be taken against Williams and others in violation of the Fair Debt Collection Practices Act, 15 U.S.C.A. §1692e(5).

69. Metropolis has not been granted any rights to act on behalf of any government agency because it is not a party to any agreement with government entities.

70. By using communications which simulate or give the appearance that they are issued, or approved by a government agency, Metropolis violates MCDCA, §14-202(9).

71. By using or distributing written communications that simulate or falsely represent to be authorized by a government agency or create a false impression as to their source,

authorization or approval, in violation of the Fair Debt Collection Practices Act, 15 U.S.C.A. §1692e(9), Metropolis violates MCDCA §14-202(11).

72. A violation of the MCDCA is a per se violation of the MCPA. *See* Md. Code, Comm. Law Art. § 13-301(14)(iii).

73. The MCDCA § 14-203 creates a cause of action to recover damages proximately caused by a collector that violates the MCDCA, including damages for emotional distress or mental anguish suffered with or without accompanying physical injury.

74. The MCPA § 13-408(a) creates a cause of action to recover damages for injury or loss sustained as the result of a practice prohibited by the MCPA.

75. The MCDCA and MCPA are statutory causes of action created by the Maryland Code to protect consumer rights, and therefore, Plaintiff and the Class members are entitled to recover when applicable or appropriate, reasonable nominal damages proximately caused by Defendant's violations of the MCDCA and/or resulting from Defendant's violations of the MCPA, pursuant to Md. Code, Gen. Prov. § 1-107.1(2).

76. As the proximate cause of Defendant's violations of the MCDCA, Plaintiff and the Class Members have sustained damages, including but not limited to damages for emotional distress or mental anguish suffered with or without accompanying physical injury.

77. As the result of Defendant's violations of the MCPA, Plaintiff and the Class Members have sustained actual damages.

78. Plaintiff and the Class Members seek attorneys' fees pursuant to Section 13-408(b) of the MCPA.

## COUNT II

**Declaratory Judgment, Injunctive and Ancillary Relief Regarding Collections by an Unlicensed Collection Agency for Class and Subclass Members**

79. Plaintiff incorporates the foregoing allegations.

80. As set forth above, there is a justiciable controversy between Named Plaintiff and Class Members, and Metropolis. The legal relations between them are affected by MCALA, MCDCA, and MCPA.

81. Plaintiff seeks a declaration, individually and on behalf of Plaintiff Class Members that (i) at all relevant times, Metropolis was operating in Maryland as an unlicensed collection agency in violation of MCALA, MCDCA, and MCPA; and (ii) at all relevant times, communications from Metropolis' collection system give the appearance of being authorized or issued by a governmental authority in violation of MCDCA, and MCPA; *See* Md. Cts. & Jud. Proc. § 3-406

82. Plaintiff seeks a declaration, individually and on behalf of Plaintiff Subclass Members that Metropolis is liable for damage claims under MCDCA § 14-203.

83. Metropolis should be enjoined from continuing to violate MCALA, MCDCA, and MCPA as herein alleged.

84. Absent an injunction the Class Members and other consumers, and their rights under the MCALA, MCDCA, and MCPA, will be irreparably injured.

85. The benefit to Plaintiff Class Members in obtaining the injunction are equal to or outweigh the potential harm which Metropolis would incur if the injunction is granted.

86. The public interest is best served by granting the injunction, to protect other consumers from Metropolis' illegal debt collection activities.

87. Alternatively, Plaintiff seeks a declaration that Metropolis is not entitled to the assistance of any Maryland court to enforce any claim Metropolis obtained improperly.

**Notice of Claim for Attorneys Fees Allowed By Law**

88. Pursuant to Rule 2-703(b), the Plaintiff includes this separately numbered claim for attorney's fees set forth in this initial pleading. Further, pursuant to Rule 2-703(d), the Plaintiff advises the Court and the Defendant that he believes that this case is likely to result in a substantial claim for attorneys' fees for services over a significant period of time.

**WHEREFORE**, Plaintiff and Class Members ask the Court to:

a. Certify this case as a class action with the Plaintiff as Class and Subclass Representative and Plaintiff's attorneys as counsel on behalf of Plaintiff Class Members described herein.
b. Order appropriate declaratory and injunctive relief against Metropolis to prevent further violations of law or providing benefits to Metropolis from its' illegal activities, including a preliminary and permanent injunction;
c. Order appropriate declaratory and injunctive relief against Metropolis determining it can be held liable for violating the MCDCA and damages under §14-203.
d. Grant a money judgment in favor of the Plaintiff, Class Members in an amount excess of $75,000 for the class and less than $75,000 for the Plaintiff as determined by a jury, for violations of the MCDCA;
e. Establish a process for Subclass Members to seek damages under §14-203 from the Defendant;
f. Award reasonable attorney's fees, litigation expenses and costs;
g. Order appropriate declaratory relief; and
h. Provide such other or further relief as the Court deems appropriate.

Respectfully Submitted,
/s/ Scott C. Borison
SCOTT C. BORISON
CPF# 9601290001
MADISON J. BORISON
CPF# 2405231014
Borison Firm, LLC

1400 S. Charles St
Baltimore, MD 21230
(301) 620-1016
scott@borisonfirm.com
mj@borisonfirm.com

*/s/ Daniel W. Whitney, Jr.*
DANIEL W. WHITNEY, JR.
CPF# 1212130286
CHERYL L. WILHELM
CPF# 9105020003
Whitney, LLP
409 Washington Ave
Suite 750
Towson, MD 21204
(410) 583-8000
dwhitneyjr@whitneyfirm.com
cwilhelm@whitneyfirm.com

**DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury on all issues triable of right by a jury.

Respectfully Submitted,
/s/ Scott C. Borison
SCOTT C. BORISON